M AND S LESSER INVESTMENT COMPANY ET AL. *v.*
NEW HAVEN REDEVELOPMENT AGENCY

SUPERIOR COURT      NEW HAVEN COUNTY

Memorandum filed November 19, 1959

*Ralph S. Kantrowitz,* of Bridgeport, for applicants M and S Lesser Investment Co. et al.

*Mitchell W. Garber,* of New Haven, for Merit Clothes, Inc.

ALCORN, J. Clarity demands a short summary of proceedings to date. The certificate of title filed in connection with the taking shows the owners of the property and their respective ownership interests to be as follows: The M and S Lesser Investment Company, one-half interest; Frances Lesser, seven-twentieths interest; and Marshall Lesser, Charlotte Lesser Kroogman, and the Estate of Jack Lesser, deceased, each a one-twentieth interest. The redevelopment agency deposited $140,000 with the clerk of this court as the amount of compensation determined by it to be due for the taking. An appeal from that determination is pending which does not affect the present issue.

On July 31, 1958, an order was entered by this court *(FitzGerald, J.)* directing the payment of $115,000 of the deposit to the owners in proportion to their respective interests, less the clerk's disbursing fees, and this amount has been paid. By an application filed August 26, 1959, the owners requested payment of the $25,000 balance of the funds on deposit. This application was opposed by Merit Clothes, Inc., tenant under a recorded lease dated August 4, 1950, and described in the certificate of title filed in connection with the taking. This opposition took the form of an application by the tenant for a reference to a referee or committee for the purpose of determining the tenant's equity in the deposit on hand and an order for the payment of the amount found due to the tenant. After hearing, this court denied the motion for reference, concluded that the equities should be determined by the court, and continued the application for payment of the deposit for a further hearing at which the parties could offer evidence respecting the equities.

The owners thereupon moved for a hearing, and the parties appeared and were heard. The pertinent facts disclosed are that a lease, as above referred

to, exists "for the term of Twelve (12) years, (or until the said term shall sooner cease under the provisions hereof) from and commencing on the First (1st) day of July, 1950, and ending on the Thirtieth (30th) day of June, 1962." The lease contained a so-called condemnation clause as follows: "34. That if the demised premises, or any part thereof, shall be taken by virtue of eminent domain or for any public or quasi-public improvement, this lease shall, at the option of the Landlord, expire ten (10) days after notice to the Tenant; and in the event of the exercise of such option by the Landlord, the Tenant shall pay the rent pro rata up to the time of the expiration of this lease, and thereafter neither party hereto shall have any claim against the other by reason of such termination, and any and all warranties for any such taking shall be made to the Landlord, and any and all rights to damages, if any, of the Tenant are hereby assigned to the Landlord."

The notice of statement of condemnation, bond, and deposit was filed June 2, 1958. On August 26, 1958, the landlord gave the tenant the notice provided for in the quoted paragraph 34 of the lease. No claim is made that the landlord's title was not legally taken by the redevelopment agency. Consequently, the valid taking of the whole premises which divested the landlord's title terminated the lease. *Newman* v. *Commonwealth*, 336 Mass. 444, 446; *Lodge* v. *Columbia Packing Co.*, 162 F. Sup. 483. In addition, the parties could, by agreement, empower the landlord to terminate the right of the tenant to share in the damages. *Goodyear Shoe Machinery Co.* v. *Boston Terminal Co.*, 176 Mass. 115; *United States* v. *Petty Motor Co.*, 327 U.S. 372, 375. In this lease the parties did, by clear and unambiguous language, give the landlord that right and he exercised it. It follows that the Merit

Clothes, Inc. has no equity in the funds on deposit with the clerk.

The respective shares of the owners as above set forth in the $25,000 to be distributed are as follows: M and S Lesser Investment Company, $12,500; Frances Lesser $8750; Marshall Lesser, $1250; Charlotte Lesser Kroogman, $1250; and the Estate of Jack Lesser, deceased, $1250. Payment of the amount on hand is ordered in the amounts specified, subject to the deduction of the clerk's disbursing fees, allocated in proportion against the respective shares in the fund. It is noted that clerk's fees of $124 have already been paid in connection with the disbursement previously made. The total clerk's fees for disbursing the entire deposit of $140,000 would be $149. Practice Book § 230. The balance of the clerk's fee to be allocated among the recipients of the balance of the deposit is therefore $25.

Enter an order accordingly.